UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 05-1276-A |
| -vs- | JUDGE DRELL |
| JESSIE L. EDWARDS and BEVERLY C. EDWARDS | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court is a Motion for Summary Judgment filed on July 25, 2006 by the United States of America ("Plaintiff"), through William D. O'Regan, III. (Doc. # 17). Defendants, Jessie L. Edwards and Beverly C. Edwards, oppose the motion. (Doc. # 22). The Court finds there is no need for oral argument in this matter. For the reasons set forth herein, the Motion for Summary Judgment will be GRANTED.

SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See

Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2551-53 (1986)).  In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).  However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment.  Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

LAW AND DISCUSSION

The instant motion asks that we decide the merits of the case, that is, that we award the principal sum of $18,994.67 together with interest in the amount of $5,792.04 through June 8, 2005 and per diem interest of $4.1632 thereafter until paid.  For the reasons which follow we make the requested award.

A lengthy analysis is not necessary in this case.  Plaintiff has clearly made out a prima facie case, in its documentation submitted with the motion and with its reply memorandum.  Here, there is no dispute about anything except the matter of whether Defendants breached a settlement agreement they had confected with the Farm Services Agency ("FSA"), resulting in the voiding of that

2

agreement and the reinstating of the original debt balance owed to FSA. We find they did.

Their defense to this suit on the reinstated, greater amount claimed by the United States is that they thought several payments had been made in satisfaction of the settlement agreement. In their affidavit (Doc. # 22) Defendants aver their belief that certain tax refunds, which they say they never received, were applied or were to have been applied to the settled debt amount. They suggest that, if made, the amounts setoff would have extinguished the debt. Initially Defendants provided no documentation or proof other than their vague affidavit to that effect. We, therefore, allowed and ordered Defendants to supplement the record further by filing their income tax returns from 2000 to date plus any setoff documents to establish proof that their refunds were, in fact, taken by the Government in setoff. In response, Defendants filed only their returns for tax years 2000 through 2005. A study of these returns (Doc. # 33) reflects that they claimed refunds for the following years and amounts: 2001: $1,558.00; 2002: $1,411.00; 2003: $1,113.00; 2004: $1,433.00; and 2005: $1,684.00.

Documentation from Plaintiff (Doc. #30) does reflect an applied setoff of tax refunds in the years 2000 ($861.00), 2004 ($1,113.00), and 2005 ($1,433.00). We assume the setoff in 2000 was for tax year 1999, and we did not require the filing of that return in the record. Nevertheless, Defendants were given credit for it. Defendants' submissions simply do not explain what happened to their claimed

3

tax refunds for the remaining years.  We do find it unusual that Defendants have provided *no* documentation of follow-up on those refunds or on what happened to them.  If, as they allege, the claimed refunds were credited, it would have seemed prudent for them (during the term of the agreement) to obtain some verification from FSA that their payments were on schedule.  That point is made more poignant by the fact that this suit has been pending for two years and the present motion for nine months.  We must assert that Defendants have had an adequate time to file appropriate proof, if it exists, that the other amounts were, in fact, setoff or that something else happened to the claimed tax refunds. Defendants submitted no documentary proof of what happened; neither did they invoke the power of the court in this case to obtain such further documentation, if it exists.

Of course, after 2003 there would have been no reason for a setoff because the settlement agreement was cancelled by letter of September 4, 2003 from the FSA for Defendants' failure to comply with the settlement terms.  Defendants claim they did not receive the letter because it was mailed to the wrong P.O. Box (Box 91) when the correct box was Box 92.  The settlement agreement confected with the FSA reflects their correct address as Box 91.  The postal markings reflect the certified letter was "unclaimed."  In other words, the address was correct. Although the existence of factual disputes may be sufficient to prevent summary judgment, those disputes must be *genuine* issues of *material* fact.  Mere denials

4

by a party will not be sufficient to overcome the probative value of documentation, often official documentation, not otherwise disproved as inaccurate. See Liberty Lobby, Inc., 447 U.S. at 245; Celotex Corp, 477 U.S. at 323; see also Fed. R. Civ. P. 56(e).

Here, it is significant that Defendants effectively ignored their settlement agreement for nearly three years, apparently never following up to ensure that the payments they committed to were actually made. Their assumptions that everything was all right, while unfortunate, cannot create genuine issues of material fact to defeat summary judgment.

CONCLUSION

For the abovementioned reasons, Plaintiff's Motion for Summary Judgment (Doc. # 17) will be GRANTED.

SIGNED on this 11th day of May, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge